JAMES M'CAMANT, Respondent, v. JULIUS BUSCH, Appellant.

*Practice—Instructions.*—Instructions given must be applicable to the case made by the evidence.

*Appeal from St. Louis Law Commissioner's Court.*

*S. H. Gardner*, for appellant.

*Wm. H. Lackland*, for respondent.

BATES, Judge, delivered the opinion of the court.

This suit was brought before a justice of the peace upon an account for services rendered in and about selling a house and lot to one Reed.   The defendant had judgment before the justice and the plaintiff appealed to the Law Commissioner's Court, where the plaintiff had judgment, and the defendant appealed to this court.

At the trial the evidence showed that the defendant wished to sell his house, and had employed other persons than the plaintiff as agents to sell it, one of whom was the son of the plaintiff, who occupied the same office with the plaintiff, but had no connection with him in business; that Reed spoke of buying the house, and asked the plaintiff if he had authority to sell it, who replied that he had not, but thought his son had.   Reed told him that if he could get the property for a named price he would buy it, and plaintiff told Reed that he would see the owner and see what could be done.   It appeared that plaintiff procured a meeting between Reed and the defendant, when some conversation took place between them respecting a sale of the property, but that no sale was made to Reed and no positive agreement for a sale.   There was no evidence whatever that the defendant authorized the plaintiff to sell the property; on the contrary, if he acted as agent for anybody it was for Reed, the proposed purchaser, rather than for the defendant, the proposed vendor.

The court, at the instance of the plaintiff, instructed the jury that if the defendant authorized the plaintiff to sell the property, and plaintiff did, by his exertions, find and introduce to defendant a purchaser for said property, and that defendant and said purchaser made a bargain that the purchaser was to take the same, and that the terms of sale were agreed upon, and that said purchaser was ready and willing to comply with the bargain, and that plaintiff used his endeavors and did carry out his part of said bargain, and that defendant failed to comply with his part of said bargain, then they will find for plaintiff.

This instruction was erroneous, because it was wholly inapplicable to the case made by the evidence.

1. There was no evidence that the defendant authorized the plaintiff to sell the property.

2. There was no evidence that the plaintiff did, by his exertions, find a purchaser for the property; on the contrary, the proposed purchaser, Reed, found the plaintiff.

3. There was no evidence that the plaintiff carried out his part of said bargain, or even that he had any part in any bargain. The bargain referred to was supposed to have been made between the defendant and Reed, in which the plaintiff had no part.

4. There was no evidence that the purchaser was ready and willing to comply with the bargain, nor that the defendant failed to comply with his part of said bargain.

The only evidence on the subject was that of Reed, who, after stating that he agreed with defendant to purchase the property, if he should get possession in ten days, said: "I thought defendant backed out, and he said, I did."

Some other instructions were given which did not cure the faults in this, and some instructions were refused which might have been given, but it is not thought necessary to examine them.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.